1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KELLY D. EDEN and SHAWNA L. EDEN husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON STATE PATROL, a Washington State Agency, KEITH JORDAN and "JANE DOE" JORDAN, husband and wife,<br><br>Defendants. | No. 05-1091 MJP<br><br>ORDER ON DEFENDANTS' 12(b) MOTION TO DISMISS CLAIMS AGAINST DEFENDANTS WASHINGTON STATE PATROL and TROOPER JORDAN |

This matter comes before the Court on Defendants' 12(b) Motions for Dismissal of all claims against the Washington State Patrol (Dkt. No. 15) and all claims against Defendant Jordan in his official and individual capacities. (Dkt. No. 16). Neither side has requested oral argument on these motions, and the Court does not find that oral argument is necessary to rule on this matter. Having received and reviewed Defendants' Motions, Plaintiffs' Response, and Defendants' Reply, and all exhibits and documents submitted therewith, the Court hereby GRANTS Defendant Washington State Patrol's Motion to Dismiss all claims against the Washington State Patrol. Plaintiffs are granted leave to amend their complaint, consistent with the discussion below. Regarding Defendant Jordan's

ORDER - 1

Motion, the Court hereby GRANTS Defendants' Motion to Dismiss all claims against Defendant Jordan in his official capacity, and GRANTS Defendants' Motion to Dismiss Plaintiffs' claim of negligent supervision and hiring against Defendant Jordan in his individual capacity. The Court DENIES Defendants' Motion to Dismiss Plaintiffs' claims under 42 U.S.C. §1983 ("section 1983"), as well as Plaintiffs' false arrest and false imprisonment, and negligent infliction of emotional distress claims against Defendant Jordan in his individual capacity, consistent with the discussion below.

## BACKGROUND

On July 10, 2002, Plaintiff Kelly Eden was stopped by Washington State Trooper Keith Jordan on suspicion of driving under the influence of alcohol. Plaintiff's wife was a passenger in the car. Trooper Jordan conducted a field sobriety test and then arrested Plaintiff. Plaintiff's wife alleges that she witnessed the field sobriety test and that her husband exhibited no signs of intoxication. Plaintiff alleges that, on advice of counsel, he pled guilty in subsequent legal proceedings due to misstatements and untruths in Trooper Jordan's arrest report. Plaintiff was convicted, served jail time, was fined, was placed on probation, and had his driver's license suspended. On June 10, 2003, Plaintiff received a letter from the Snohomish County Prosecutor's Office, advising him that Trooper Jordan had systematically falsified arrest reports. Plaintiff brings federal law claims against the Washington State Patrol and Trooper Jordan under 42 U.S.C. §1983 and pleads state law claims of false arrest and false imprisonment, negligent supervision and hiring, and negligent infliction of emotional distress. Defendants now seek dismissal of all claims.

## ANALYSIS

**I. Plaintiff's claims Against the Washington State Patrol and Against Trooper Jordan in His Official Capacity**

ORDER - 2

The Eleventh amendment bars suits brought under 42 U.S.C. §1983 against a State for alleged deprivations of civil liberties. <u>Will v. Michigan Dept. Of State Police,</u> 491 U.S. 58, 66 (1989). A suit against a state official in his official capacity is not against the individual but against the official's office, and so is no different from a suit against the State itself. <u>Will v. Michigan Dept. Of State Police</u>, 491 U.S. 58, 71 (1989). <u>See</u> also <u>Romano v. Bible</u>, 169 F.3d 1182, 1185 (9th Cir. 1999) (Eleventh amendment bars claims against defendants in official capacity as actions that are against the State itself). The two "well established" exceptions to the rule of Eleventh Amendment immunity are legislative abrogation of immunity by express congressional intent under its Fourteenth Amendment powers, or waiver of immunity by a State itself. <u>Pennhurst State School v. Halderman</u>, 465 US 89, 99 (1984); <u>Micomonaco v. State</u>, 45 F.3d 316, 319 (9th Cir. 1995). 42 U.S.C. §1983 has been explicitly determined not to override States' Eleventh Amendment immunity, since the statute does not by clear language express an intent to do so. <u>Quern v. Jordan</u>, 440 US 332, 342 (1979). Neither Defendant Jordan, in his official capacity, nor the Washington State Patrol has waived its immunity to suit in this action. Because the 42 U.S.C. §1983 claims against the Washington State Patrol and Trooper Jordan in his official capacity are barred by the Eleventh Amendment and neither exception applies, this Court may not exercise federal jurisdiction over Defendant Washington State Patrol or Trooper Jordan in his official capacity. Thus, all claims under against Defendant Washington State Patrol and Trooper Jordan in his official capacity are hereby DISMISSED .

Per their request, Plaintiffs are granted leave to amend their complaint to name individual officers within the Washington State Patrol as Defendants in this action. However, Plaintiffs are cautioned that there is no respondeat superior theory of liability under 42 U.S.C. §1983. <u>Taylor v. Gist</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, in order for this Court to exercise jurisdiction, Plaintiffs must establish personal involvement by any named officers in alleged deprivations of Plaintiffs' constitutional rights. <u>Milton v. Nelson</u>, 527 F.2d 1158, 1159 (9th Cir. 1975). Plaintiffs

ORDER - 3

should also note that any pendent state law claims of negligent supervision and hiring are subject to a three year statute of limitations under RCW 4.16.080.  Plaintiffs are hereby ordered to file an amended complaint within ten (10) days of this Order.  If Plaintiffs fail to do so, Plaintiffs' action against Defendant Washington State Patrol will be dismissed with prejudice.

**II. Plaintiff's Claims Against Trooper Jordan in his Individual Capacity**

The Eleventh Amendment does not bar federal or pendent state law claims against a state official acting personally.  Ashker v. California Dept. Of Corrections, 112 F.3d 392, 394-95 (9th Cir. 1997).   For purposes of a section 1983 action, a plaintiff can establish personal liability "simply by showing that the official acted under color of state law in deprivation of a federal right."  Romano v. Bible, 169 F.3d 1182, 11865-86 (9th Cir. 1999).  See also Edgar v. State, 92 Wn.2d 217, 222 (1979) (since State not suable under 1983 for acts of agents subjecting plaintiff to deprivation of civil rights, remedy must be pursued against individual who committed act).  Since Defendant Jordan was acting under color of state law at the time of the incident in question, Plaintiffs may bring a claim under 42 U.S.C. §1983  against him in his individual capacity.

**A. Plaintiffs' Claim Under 42 U.S.C. §1983**

Section 1983 does not contain its own statute of limitations, so courts borrow the most appropriate state statute of limitations in analyzing claims brought under 42 U.S.C. §1983.  Cholla Ready Mix Inc. v. Civish, 382 F.3d 969, 974 (9th Cir. 2004).   A state's statute of limitations for personal injury actions has been determined as most appropriately applied to section 1983 claims. Wilson v. Garcia, 471 U.S. 261, 280 (1985).  See also Owens v. Okure, 488 US 235, 249-50 (1989) (section 1983 has no precise counterpart in state law, and general or residual statute of limitations for personal injury actions is to be applied).  Washington's personal injury statute, RCW 4.16.080, provides a three-year statute of limitations.  See Joshua v. Newell, 871 F.2d 884, 886 (9th Cir. 1989) (Washington's three-year statute for personal injury actions to be borrowed in considering section

ORDER - 4

1983 claims). Plaintiff was arrested on July 10, 2002 and his claim was filed on June 16, 2005. Even assuming without deciding that the statute of limitations started running at the earliest possible point, time of arrest, Plaintiffs' section 1983 claim was filed within three years and so is not time barred. Defendants' Motion to Dismiss Plaintiffs' claim under 42 U.S.C. §1983 against Trooper Jordan in his individual capacity is DENIED.

**B. Plaintiffs' state law claims**

Since federal jurisdiction over Defendant Jordan in his individual capacity is established by Plaintiffs' 42 U.S.C. §1983 claim, this Court may exercise supplemental jurisdiction over all other claims against Defendant Jordan in his individual capacity within the same case or controversy. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172 (9th Cir. 2002).

**1. State law false arrest and false imprisonment claims**

The statute of limitations for false arrest and false imprisonment is two years under Washington law. RCW 4.16.100; Minetti v. City of Seattle, 2005 WL 1532959, *4 (W.D.Wash. June 2005). The statute of limitations for false arrest accrues on the date of arrest, and is tolled during time of imprisonment prior to sentencing. Gausvik v. Perez, 392 F3d 1006, 1009 (9th Cir. 2004); RCW 4.16.190. The statute of limitations for false imprisonment runs from the termination of the imprisonment. Nave v. City of Seattle, 68 Wn.2d 721, 723 (1966). Since Plaintiff was arrested in July 2002 and this lawsuit was not filed until June 2005, Plaintiffs' state law false arrest and false imprisonment claims are time barred on the basis of the appropriate state statutes of limitations alone. However, the doctrine of equitable tolling is available to save a plaintiff's otherwise time-barred claim where extraordinary circumstances have prevented him from filing the claim despite his or her due diligence. Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). See also Millay v. Cam, 135 Wn.2d 193, 205-06 (1998) (courts have inherent judicial authority to toll statutes as justice requires and where defendant has perpetrated fraud or deception or acted in bad faith); Socop-Gonzalez v. INS,

ORDER - 5

272 F.3d 1176, 1185 (9th Cir. 2001) (equitable tolling requires only a showing that party could not have discovered essential information bearing on claim by exercise of reasonable diligence).

In the present case, Plaintiffs received a letter on June 10, 2003 from the Snohomish County Prosecutor's Office notifying them that the Office had determined that Defendant Jordan had been falsifying arrest reports. This Court does not believe that Plaintiffs through the exercise of reasonable diligence would have been able to determine the fact of Defendant Jordan's deceptive and fraudulent acts prior to notification of the Snohomish County Prosecutor's investigation. Further, repeated perjury by a Washington State Patrol Officer is a sufficiently extraordinary circumstance that justice requires that the statute be tolled such that Plaintiffs' claims are not extinguished for reasons beyond their control. Thus, the Court hereby tolls the statute of limitations on Plaintiffs' state law false arrest and false imprisonment claims until the time that Plaintiffs received notice of Defendant Jordan's falsification of records on June 10, 2003. Since Plaintiffs appropriately filed their claims with the State Risk Management Division persuant to RCW 4.92.110 in March 2004, their claims are tolled an additional sixty days from receipt of the letter. Thus, Plaintiffs' state law false arrest and false imprisonment claims are timely as filed on June 16, 2005, and Defendants' Motion to Dismiss these claims is DENIED.

**2. Negligent infliction of emotional distress claim**

Causes of action for negligence have a three year statute of limitations under Washington law and may be brought as independent causes of action. RCW 4.16.080; Gausvik v. Perez, 392 F3d 1006, 1009 (9th Cir. 2004); Cagle v. Burns and Roe, Inc., 106 Wn.2d 911, 917 (1986). Since Plaintiffs' claim of negligent infliction of emotional distress was filed within three years of his arrest, it is timely and Defendants' Motion to Dismiss the claim is DENIED.

**3. Negligent supervision and hiring claim**

ORDER - 6

Plaintiffs' negligent supervision and hiring claim is necessarily brought against the Washington State Patrol and not against Trooper Jordan in his individual capacity. Defendants' Motion to Dismiss the claim of negligent supervision and hiring against Trooper Jordan in his individual capacity is thus GRANTED.

**III. Conclusion**

The Court hereby GRANTS Defendants' Motion to Dismiss all claims against the Washington State Patrol and against Trooper Jordan in his official capacity. Plaintiffs have ten (10) days from the date of this Order to file an Amended Complaint naming individual state troopers, if applicable, rather than the Washington State Patrol as Defendants. The Court also GRANTS dismissal of the negligent supervision and hiring claims against trooper Jordan, as these claims do not seem to apply to him. The Court DENIES Defendants' motion to dismiss all other claims against Trooper Jordan in his individual capacity.

The clerk is directed to send copies of this order to counsel for Plaintiffs and to counsel for Defendants.

Dated: January 3, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 7