1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KELLY D. EDEN and SHAWNA L. EDEN husband and wife,

        Plaintiffs,

  v.

WASHINGTON STATE PATROL, a Washington State Agency, KEITH JORDAN and "JANE DOE" JORDAN, husband and wife,

        Defendants.

No. CV05-1091MJP

ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

16
17
18
19

This matter comes before the Court on Defendants' Motion for Summary Judgment. (Dkt. No. 25). Plaintiffs have filed a response (Dkt. No. 28), and Defendants have filed a reply (Dkt. No. 29). Having reviewed the parties' briefing, as well as all pertinent documents and exhibits, the Court GRANTS in part Defendants' motion.

20

**Background**

21
22
23
24
25

On July 9, 2002, Defendant Keith Jordan, former Washington State Trooper, stopped Plaintiff Kelly Eden on suspicion of driving under the influence. Trooper Jordan conducted field sobriety tests and then arrested Mr. Eden, who later pled guilty to driving under the influence (DUI) and served jail time. On June 10, 2003, Mr. Eden received a letter from the Snohomish County Prosecutor's Office,

ORDER - 1

advising him that Trooper Jordan had resigned from the Washington State Patrol and an investigation had been initiated to look into allegations of misconduct by Jordan.

On July 3, 2003, Mr. Eden filed a motion to withdraw his guilty plea based on the fact that the Snohomish County Prosecutor had dismissed charges against other DUI suspects arrested by Trooper Jordan. The South District Court for Snohomish County denied Mr. Eden's motion on July 21, 2003, reasoning that the prosecutor's letter was not "exculpatory"of his DUI.

Plaintiffs sued the Washington State Patrol, Trooper Jordan, and "Jane Doe" Jordan alleging false arrest, false imprisonment, negligent supervision and hiring, and negligent infliction of emotional distress claims. Plaintiffs also alleged claims under 42 U.S.C. § 1983. On January 3, 2006, this Court issued an order dismissing all claims against the State Patrol and against Trooper Jordan in his official capacity. The Court denied Defendants' Motion to Dismiss Plaintiffs' section 1983 action (Defendants did not raise the Heck doctrine), as well as the false arrest and false imprisonment, and negligent infliction of emotional distress claims against Trooper Jordan in his individual capacity. Defendants have moved for summary judgment on the remaining claims, and Plaintiffs oppose the motion.

**Analysis**

**A.     Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when, viewing the facts and drawing all inferences in the light most favorable to the nonmoving party, "(1) there is no genuine issue of material fact, and (2) the moving party is entitled to summary judgment as a matter of law." Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001). The moving party bears the burden of showing the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). This is accomplished by negating an essential element of plaintiff's claim, or by demonstrating that the plaintiff does not have enough evidence of an essential element to fulfill its burden at trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1103 (9th Cir. 2000).

ORDER - 2

1    Once the moving party has satisfied its burden, it is entitled to summary judgment if the
2    nonmoving party fails to "designate, by affidavits, depositions, answers to interrogatories, or
3    admissions on file, 'specific facts showing that there is a genuine issue for trial.'" <u>Arpin</u>, 261 F.3d at
4    919 (quoting <u>Celotex Corp. v. Caltrett</u>, 477 U.S. 317, 324 (1986)).  Additionally, "[t]he mere
5    existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."
6    <u>Triton Energy Corp. v. Square D Co.</u>, 68 F.3d 1216, 1220 (9th Cir. 1995) (internal citations omitted).
7    Mere factual disputes, however, will not defeat summary judgment unless the disputes affect the
8    outcome of the case.  <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 248 (1986).

**B.    <u>Heck</u> bars Plaintiff's section 1983 action.**

Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a section 1983 action must be dismissed where the action would necessarily challenge the validity of a conviction that has not been overturned. The <u>Heck</u> Court held that in order to recover damages for unconstitutional conviction or imprisonment, a section 1983 plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive record" or "declared invalid by a state tribunal authorized to make such determination." <u>Id.</u> at 486-87.  This holding means that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." <u>Id.</u>

The Ninth Circuit has interpreted <u>Heck</u> to mean that "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996).

<u>Heck</u> bars Plaintiffs' section 1983 action.  Plaintiffs' section 1983 action is based on Trooper Jordan's allegedly unlawful DUI arrest.  However, Mr. Eden pled guilty to DUI and was convicted based on that plea.  Mr. Eden is now asking this Court to find unlawful the precise actions by Trooper

ORDER - 3

Jordan that underlie the conviction; such a finding would challenge the validity of the conviction. Because Mr. Eden's conviction has not been overturned, Heck requires this Court to bar the section 1983 action.

Plaintiffs assert that the decision of the Snohomish County Court to withdraw 67 DUI charges by Trooper Jordan amounts to "a state tribunal declaring those arrests invalid." The Snohomish County Court's decision, however, did not overturn or invalidate Mr. Eden's conviction. Indeed, Mr. Eden filed a motion with the Snohomish County Court to withdraw his guilty plea based on evidence that Trooper Jordan had been falsifying police reports. The court denied the motion, concluding that the evidence is not "exculpatory" and only made Trooper Jordan "less believing [sic]." Mr. Eden's DUI conviction has therefore not been overturned or declared invalid as is required under Heck.

Plaintiffs argue that Heck's progeny concludes that "a person who is legally precluded from pursuing habeas relief may bring a § 1983 action challenging a conviction without satisfying the favorable termination requirement of Heck." In making this argument, Plaintiffs cite to Justice Souter's concurrence in Spencer v. Kemna, 523 U.S. 1 (1998), and Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), as binding authority. In Spencer, Justice Souter suggested that a plaintiff's inability to pursue habeas relief after release from incarceration should create an exception to Heck's bar; in Nonnette, the Ninth Circuit held that a plaintiff could bring section 1983 claims despite Heck because habeas relief was unavailable.

Plaintiffs' argument, however, goes against a recent Ninth Circuit decision that narrows the Nonnette exception to Heck. In Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006), the plaintiff was no longer in custody and could not challenge his convictions by habeas corpus. Nevertheless, the Ninth Circuit held such a situation did not lift Heck's bar and distinguished Spencer and Nonnette. Id. at 704. The court first noted that "[i]n following the reasoning of the concurrence in Spencer, we have emphasized the importance of timely pursuit of available remedies." Id. Further, the court stated, "Nonnette was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional

1  claims when the individual immediately pursued relief… and could not seek habeas relief only because

2  of the shortness of his prison sentence." <u>Id.</u> at 705. Most importantly, the court stated, "<u>Nonnette</u>'s

3  relief from <u>Heck</u> 'affects only former prisoners challenging loss of good-time credits, revocation of

4  parole or similar matters,' not challenges to an underlying conviction such as those Guerrero brought."

5  <u>Id.</u> (internal citations omitted). The court ultimately held that the plaintiff's "failure timely to achieve

6  habeas relief is self-imposed… though habeas relief for Guerrero may be 'impossible as a matter of

7  law,' we decline to extend relaxation of <u>Heck</u>'s requirements." <u>Id.</u>

8      <u>Guerrero</u> applies to the present case and requires this Court to apply <u>Heck</u>. Similar to the

9  plaintiff in <u>Guerrero</u>, Mr. Eden did not timely seek habeas relief when he served his DUI sentence, or

10 challenge the denial of his motion to withdraw his plea. Further, Mr. Eden is not challenging loss of

11 good time credits or revocation of parole. <u>See</u> <u>Guerrero</u>, 442 F.3d at 705. Instead, Mr. Eden is

12 challenging, as Guerrero did, his underlying conviction. Because Mr. Eden's conviction has not been

13 overturned or declared invalid, and <u>Guerrero</u> renders <u>Spencer</u> and <u>Nonnette</u> inapplicable, <u>Heck</u> bars

14 the Plaintiffs' section 1983 action.

15 **C.    Plaintiffs fail to show the ability to prove claim of negligent infliction of emotional distress.**

16

17      To prevail under a claim of negligent infliction of emotional distress, the plaintiff's "emotional

18 response must be reasonable under the circumstances, and be corroborated by objective

19 symptomology." <u>Hegel v. McMahon</u>, 136 Wn.2d 122, 132, 960 P.2d 424 (1998). For the plaintiff to

20 satisfy the objective symptomology requirement, the emotional distress "must be susceptible to

21 medical diagnosis and proved through medical evidence." <u>Id.</u> at 135.

22     Here, Plaintiffs have failed to provide any evidence supporting the claim of negligent infliction

23 of emotional distress. Mr. Eden asserted that he thought his DUI sentence would cause him to lose his

24 job, house, and family. During deposition, counsel asked Mr. Eden about his physical manifestations

25 of emotional distress, and he simply answered, "[j]ust depression." The record does not indicate that

ORDER - 5

1  Mr. Eden has sought counseling or seen a doctor for the depression.  Additionally, although
2  Defendants raised the issue of a lack of evidence to prove the NIED claim, Plaintiffs ignored the NIED
3  issue completely in the response.  Absent any evidence showing that the Plaintiffs can carry the burden
4  of proving emotional symptoms under Hegel at trial, the Court grants summary judgment.

**D.     The Court declines to exercise supplemental jurisdiction.**

Pursuant to 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction."  See also Trustees of Constr. v. Desert Valley Landscape, 333 F.3d 923, 926 (9th Cir. 2003).  Because the Court concludes that Heck bars the section 1983 action, the Plaintiffs no longer have any federal action before this Court.

Regarding the state law claims of false arrest and false imprisonment, Plaintiffs and Defendants disagree over key facts surrounding Trooper Jordan's investigatory stop and arrest of Mr. Eden.  Most importantly, Mr. Eden maintains that he was not weaving in his lane of traffic before Trooper Jordan stopped him.  However, Defendants maintain that Mr. Eden was weaving in his lane of traffic, and they argue that this observation provided a reasonable suspicion for the initial stop.  Such a dispute raises the possibility of an issue of fact that may not be appropriately decided on summary judgment grounds.

Moreover, because the parties did not brief the Court on the issue of collateral estoppel, it is unclear to the Court whether the Plaintiffs' false arrest and false imprisonment claims are barred.  Under Washington law, a conviction after trial, even if later overturned, is a complete bar to malicious prosecution and false arrest claims.  Hanson v. City of Snohomish, 121 Wn.2d 552, 555, 852 P.2d 295 (1993); Fondren v. Klickitat City, 79 Wn. App. 850, 855, 905 P.2d 928 (1995).  Additionally, in Washington, an Alford plea, where the defendant pleads but maintains innocence, cannot be "the basis

ORDER - 6

for collateral estoppel in a subsequent civil action," because the defendant does not have a "'full and fair opportunity' to litigate the issues normally decided in a full-fledged criminal trial." Clark v. Baines, 150 Wn.2d 905, 907, 84 P.3d 245 (2004) (internal citations omitted).

Between the case law under Hanson and Clark lies the question of whether a standard guilty plea, like the one Mr. Eden entered, serves as the basis for collateral estoppel. The Washington Supreme Court has not ruled on this issue. In some other states, however, a guilty plea does serve as the basis for collateral estoppel. State Farm Fire and Cas. Co. v. Fullerton, 118 F.3d 374 (5th Cir. 1997) (applying Texas law to hold that a guilty plea serves as "full and fair litigation" and precludes civil litigation of same issues); Merchants Mut. Ins. Co. v. Arzillo, 98 A.D.2d 495, 504 (N.Y. App. Div. 1984) (noting that ample authority exists for the general proposition that a guilty plea is equivalent to a conviction and precludes a relitigation in a subsequent civil action of all issues necessarily determined by the conviction). Because it is unclear how Washington courts would address a guilty plea and its preclusive effect, the Court declines to exercise supplemental jurisdiction and dismisses the state court causes of action.

ORDER - 7

**Conclusion**

Heck bars Plaintiffs' only federal claim, and Plaintiffs have ignored the state law claim of negligent infliction of emotional distress. Absent a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, the Court GRANTS summary judgment on the section 1983 and state law negligent infliction of emotional distress claims, and DISMISSES without prejudice the state law claims of false arrest and false imprisonment.

The Clerk is directed to send copies of this order to all counsel of record.

Dated:   October 27, 2006

/s/ Marsha J. Pechman

Marsha J. Pechman
United States District Judge

ORDER - 8